■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BENJAMIN HARVIN, Appellant.— Order of the Supreme Court, Richmond County, entered June 1, 1967, affirmed. No opinion. Beldock, P. J., Christ and Munder, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to remit the proceeding for a hearing, with the following memorandum, in which Kleinfeld, J., concurs: Defendant's application in this *coram nobis* proceeding was denied without a hearing. In his petition he alleged that his plea of guilty to the crime of robbery in the first degree, resulting in a sentence of 10 to 30 years' imprisonment, rendered on April 28, 1944, was induced by a promise of the District Attorney and his own counsel that he would receive a sentence of not more than 7½ years to 15 years. Moreover, he alleged that, during the term of imprisonment under this sentence, he testified in 1945 on behalf of the prosecution in the trial of a then pending indictment against others, upon the request of the District Attorney and in reliance on the latter's promise that his sentence would be reduced. The last alleged promise cannot serve as a foundation for *coram nobis* relief, for defendant's plea of guilty was obviously not induced by what the District Attorney may have told him after the event. But the case is different as to the first claimed promise. If, indeed, defendant's allegation is true, he is entitled to a vacatur of the plea and the judgment resting on that plea (*People* v. *Glasper*, 14 N Y 2d 893; *People* v. *Weldon*, 17 N Y 2d 814). A hearing is therefore necessary to

determine whether defendant's allegation is true (*People* v. *Bagley*, 23 N Y 2d 814; *People* v. *Zilliner*, 14 N Y 2d 834). The District Attorney concedes that a hearing is required. I do not think that the belated filing of the application in itself defeats it. Defendant apparently waited until 1967 to question the sentence imposed in 1944, but there may be reasons for the delay. At least, his tardiness is but one factor to be considered by the court upon the hearing in judging his credibility.